IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-0979-MJR |
| | ) | |
| SERGEANT GROVES, and | ) | |
| OFFICER EBBERS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff William Malone is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 2 at 1.) Proceeding *pro se*, Malone previously filed a complaint under 42 U.S.C. § 1983, alleging that separate groups of officials violated his rights in several disparate ways during his time at Pinckneyville. (*Id.* at 13-14.) Malone's original complaint was severed into nine cases, including the case with the above caption. (Doc. 1 at 16.) The instant case concerns whether Defendants Groves and Ebbers violated Malone's rights via "threats and intimidation" on July 10, 2015. (*Id.*) Malone appears to seek money damages.

This matter is now before the Court for a review of Malone's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

**Background**

Although Malone's complaint spans ninety pages with exhibits, the narrative of his complaint consists of only two handwritten pages. (Doc. 2 at 13-14.) In those two pages, Malone lists a number of dates and then next to those dates includes one or two sentences describing the violation that occurred. (*Id.*) In connection with that list, Malone has named over fifty defendants, but there is only one sentence linked to Defendants Groves and Ebbers. (*Id.* at 14.) As it concerns those two parties, Malone's allegation is threadbare—he states only that Groves and Ebbers engaged in "threats and intimidation" on July 10, 2015. (*Id.*)

Malone filed seventy-five pages of exhibits with his complaint. While some of those exhibits might relate to Malone's allegations against Groves and Ebbers, the Court is unable to easily assess that question at this juncture, as Malone has not included any narrative detail about those exhibits or referenced those exhibits in the statement of claim section of his complaint.

**Discussion**

Malone's complaint against Groves and Ebbers seems to relate to verbal harassment alone. To the extent Malone is asserting that those officers' harassment violated the United States Constitution, Malone should know that simple, run-of-the-mill verbal harassment does not state a constitutional claim—it does not "constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). That said, more extreme instances of verbal harassment, especially verbal harassment that constitutes a grave threat to a prisoner's life or that could subject a prisoner to serious harm by other inmates, could violate the Eighth Amendment. *E.g.*, *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *Dobbey v. Illinois Dep't of Corrections*, 574 F.3d 443, 445 (7th Cir. 2009).

Malone has said nothing about the threats made by Ebbers and Groves, meaning that he has not sufficiently alleged the kind of severe harassment that could put forth a viable constitutional claim. All plaintiffs, including prisoners who file suits *pro* se, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim clears the plausibility hurdle when the plaintiff pleads facts that allow the court to draw the inference that the defendant is liable for illegal acts, but does not clear that hurdle when the facts alleged are just as indicative of legal conduct as of illegal conduct—in other words, when there is only a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (complaint must "establish a nonnegligible probability that the claim is valid"). Without more about what Groves and Ebbers said to Malone, the complaint advances facts that suggest only a negligible probability of illegality, meaning that his complaint must be dismissed.

The question remains whether Malone's entire complaint should be dismissed with prejudice and his case closed, or whether his complaint should be dismissed without prejudice and he should be given an opportunity to file an amended complaint. In both prisoner and non-prisoner matters, the Court typically allows a defendant at least one opportunity to submit an amended complaint that might cure the problems with the original complaint, especially if the original complaint is dismissed on pleading deficiencies. *See Childress v. Walker*, 787 F.3d 433, 441-42 (7th Cir. 2015). The Court is convinced that permitting an amendment is the right path here. Malone will have twenty-eight days from the date of this order to submit an amended complaint that lays out the threats made by Groves and Ebbers on July 10, 2015.

One closing note is in order concerning an omnibus motion that Malone filed shortly after this case was severed away from his original complaint. On September 8, 2016, Malone filed a

motion for "relief from multiple violations," stating that he was being retaliated against for filing suit by other prison officials, that he is being denied access to the law library, and that he needs an extension of time to meet the Court's orders. (Doc. 5.) He asked the Court to direct law library access, to give him an unspecified extension of time, and to issue an order putting prison administration on notice that the Court is aware of Malone's retaliation allegations. Malone's motion must be denied in all respects. As it concerns Malone's references to retaliation, his statements relate to defendants not at issue in this severed matter, and either way Malone does not ask the Court for any preliminary injunctive relief but instead seeks an order advising Pinckneyville officials that the Court is "aware" of retaliation allegations. An advisory "awareness" declaration is not the kind of relief that the Court can provide. As it concerns Malone's request for an extension of time or for access to the law library, there was no pending deadline at the time that Malone's motion was submitted in this severed matter and there is no need for Malone to conduct legal research to file his First Amended Complaint.

In the same omnibus motion, Malone has also asked the Court to appoint him counsel to assist him with this case. (Doc. 5.) The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, but counsel is only proper when the "difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case is not so difficult as to necessitate counsel, especially at this early juncture. *Westbrook v. Boy Scouts of America*, 560 F. App'x 574, 577-78 (7th Cir. 2014); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Malone's motion for counsel is reasonably articulate, and all that is required at this stage is for Malone to put forth a factual narrative laying out how Groves and Ebbers harassed

him on July 10, 2015. The Court is of the view that Malone is able to do that, so the motion must be denied for now. Malone is free to submit another motion for counsel at a later point.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Malone's complaint (Doc. 2) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before December 16, 2016). It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-0979-MJR. The First Amended Complaint should name Groves and Ebbers as defendants, and should lay out, in a straightforward, chronological narrative, the threats that each made to Malone on July 10, 2015.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from violations, which includes his motion for appointment of counsel (Doc. 5), is **DENIED**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2016**

s/ MICHAEL J. REAGAN
**MICHAEL J. REAGAN**
**United States District Judge**
