IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE,<br># B-52858,<br><br>           Plaintiff,<br><br>vs.<br><br>SERGEANT GROVES, and<br>OFFICER EBBERS,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 16-cv-00979-MJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This case was severed from another civil rights action that Plaintiff William Malone filed pursuant to 42 U.S.C. § 1983 on February 23, 2016.  *See Malone v. Fritts*, Case No. 16-cv-00200-SMY (S.D. Ill.).  The instant case concerns whether Defendants Groves and Ebbers violated Plaintiff's rights via "threats and intimidation" on July 10, 2015 ("Count 13").  (Doc. 1, p. 16).  Count 13 is the only claim at issue in this severed case.  Plaintiff appears to seek money damages.

Count 13 did not survive preliminary review under 28 U.S.C. § 1915A.  On November 18, 2016, the Court dismissed Count 13 without prejudice.  (Doc. 7).  Plaintiff was granted leave to file an amended complaint on or before December 16, 2016, if he wished to re-plead his claims.  *Id.*  Plaintiff was warned that failure to file an amended complaint by the deadline or consistent with the Court's Order (Doc. 7) would result in dismissal of the action with prejudice. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, he was advised that a "strike" would be assessed.  *See* 28 U.S.C. § 1915(g).

That deadline has now passed. Plaintiff did not file an amended complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with an Order of this Court (Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case; thus, the filing fee of $350.00 remains due and payable for this severed case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 10, 2017**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge**
**United States District Judge**